IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BROUSSARD, | § § § | |
| *Plaintiff,* | § § § | SA-21-CV-01238-OLG |
| vs. | § § § | |
| FINEWISE BANK, INC, A STATE OF UTAH CORPORATION;  MULLIGAN FUNDING, LLC, A DELAWARE LIMITED LIABILITY COMPANY; MULLIGAN SENIOR, LLC, A DELAWARE LIMITED LIABILITY COMPANY;  INNOVATIVE FUNDING SOLUTIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY; MARK LEIBOWITZ, DAVID LEIBOWITZ, ZACHARY STOLL, | § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Motion to Dissolve Stay [#19], which was referred to the undersigned for disposition on September 20, 2022. The record reflects that the undersigned granted the motion to compel arbitration filed by Defendants FinWise Bank, Mulligan Funding, LLC, Mark Leiobowitz, and David Leibowitz on May 12, 2022, and compelled Plaintiff to arbitrate his claims against these Defendants. (Arbitration Order [#14].)  In the arbitration order, the undersigned stayed Plaintiff's claims against these Defendants pending the completion of the arbitration proceedings and ordered the filing of quarterly status reports on the progress of the arbitration, with the first advisory due August 1, 2022.  (*Id.*)  The undersigned thereafter ordered Plaintiff to show cause why his remaining claims against additional unserved defendants should not be dismissed for want of

1

prosecution for failure to timely effectuate service of process. (Show Cause Order [#15].) Plaintiff did not respond to the show cause order. After the undersigned returned this case to the District Court, the District Court dismissed all remaining claims without prejudice for failure to comply with the Court's Order and administratively closed the remaining stayed claims. (Closure Order [#17].)

By his motion, Plaintiff asks the Court to reopen this case and lift the stay due to Defendants' failure to initiate arbitration proceedings. Defendants have filed a status report and a response to the motion, arguing it is Plaintiff's responsibility to pursue arbitration and he has failed to do so. (Status Report [#18]; Response [#8].) Defendants also indicate Plaintiff has not been responsive to Defendants' attempts at contact regarding the arbitration. Defendants ask the Court to deny Plaintiff's motion because Plaintiff failed to confer with them prior to filing the motion in violation of this Court's Local Rules and because the motion presents no basis on its merits for reopening this case. The Court agrees with Defendants.

Plaintiff filed this lawsuit against Defendants. The Court ordered the parties to arbitration. As the party prosecuting this case, it is Plaintiff's responsibility to file an arbitration demand and to initiate arbitration proceedings. Plaintiff has not provided the Court with any legal or factual basis for reopening this case and lifting the stay pending arbitration.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b). The Court will therefore deny Plaintiff's motion and set a deadline by which Plaintiff must initiate an arbitration or face dismissal of his claims for want of prosecution in this case. *See Renobato v. Compass Bank Corp.*, 480 Fed. App'x 764, 767–78 (5th Cir. 2012) (affirming dismissal with prejudice when plaintiff did not initiate arbitration proceedings for

three years, even after being given a second chance to do so by the district court). If Plaintiff needs additional time to file the arbitration, he may request an extension of the Court's deadline by filing a motion with the Court prior to the deadline set forth below.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Motion to Dissolve Stay [#19] is **DENIED**. Plaintiff's claims against Defendants remain stayed pending the outcome of any arbitration proceedings and this case remains administratively closed.

**IT IS FURTHER ORDERED** that Plaintiff initiate arbitration proceedings on or before **November 21, 2022**. A failure to do so may result in the dismissal of his claims for want of prosecution. Any motion for an extension of this deadline must also be filed on or before **November 21, 2022**.

**IT IS FINALLY ORDERED** that the parties file a joint advisory as to the status of the arbitration on or before **January 20, 2023**.

SIGNED this 23rd day of September, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE